**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

FILED
IN CLERKS OFFICE

2004 JAN -9 P 4:04

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| EXPRESS FRANCHISE SERVICES, L.P., a Texas limited partnership, and WRS PERSONNEL FINDERS OF MASSACHUSETTS, INC., D/B/A EXPRESS PERSONNEL SERVICES, a Massachusetts corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> EXPRESS TEMPS, INC., a Massachusetts corporation, and WILLIAM J. COMEAU, an individual and citizen of Massachusetts, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**04 - 40005**

Civil Action No.

**JURY TRIAL DEMANDED**

**PRELIMINARY INJUNCTION REQUESTED**

## VERIFIED COMPLAINT

Plaintiffs Express Franchise Services, L.P., and WRS Personnel Finders of

Massachusetts, Inc., d/b/a Express Personnel Services, (collectively, "Plaintiffs"), by their

undersigned attorneys, and for their complaint against defendants Express Temps, Inc., and

William Comeau (collectively, "Defendants") state as follows:

### Nature of Action

1.      Plaintiffs bring this action for damages and preliminary and permanent injunctive

relief to prevent the continuing and irreparable injury Plaintiffs are suffering as a result of

Defendants' acts of trademark infringement, false designation of origin, trademark dilution,

unfair competition, unfair trade practices, and tortious interference with contractual relations, in

violation of the laws of the United States and the Commonwealth of Massachusetts.

RECEIPT # _____
AMOUNT $_____ /50 ⁰⁰
SUMMONS ISSUED___2___
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE____1-9-04____

**The Parties**

2.       Plaintiff Express Franchise Services, L.P. ("Express") is, and at all times material hereto has been, a limited partnership organized and existing under the laws of the State of Texas, having its principal office and place of business located at 8516 Northwest Expressway, Oklahoma City, Oklahoma 73123.

3.       Plaintiff WRS Personnel Finders of Massachusetts, Inc., d/b/a Express Personnel Services ("Franchisee"), is, and at all times material hereto has been, a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal office and place of business located at 67 Millbrook Street, Worcester, Massachusetts 01606.

4.       Defendant Express Temps, Inc. ("Express Temps") upon information and belief, is, and at all times material hereto has been, a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal office and place of business located at 390 Main Street, Suite 300, Worcester, Massachusetts 01608.

5.       Defendant William J. Comeau, upon information and belief, is an individual residing in the Commonwealth of Massachusetts and this judicial district.

6.       Upon information and belief, Defendant Express Temps' predecessor-in-interest was founded in or about 1997, and was purchased by Defendant Comeau on or about October of 1998.

7.       Defendant Comeau incorporated Defendant Express Temps on or about January 11, 1999.

8.       Upon information and belief, Defendant Comeau is the sole shareholder, sole officer and sole director of Defendant Express Temps.

9.      Upon information and belief, Defendant Express Temps is the alter ego of Defendant Comeau.

## Jurisdiction and Venue

10.     These claims arise under the Federal Trademark Act of 1946 as amended, 15 U.S.C. § 1051 et seq. (the "Lanham Act") and the statutory and common law of the Commonwealth of Massachusetts.

11.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

12.     Venue is proper under 28 U.S.C. §§ 1391(b)(1), (b)(2) and (c), as this action arises under the laws of the United States and each Defendant resides within the Commonwealth of Massachusetts and this judicial district.  Moreover, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, or a substantial part of property that is the subject of this action is situated in this judicial district.

## Plaintiffs' Business and Service Marks

13.     For over twenty (20) years, Plaintiff Express has been engaged in the business of, among other things, providing temporary and permanent employment agency services and staffing services under Express' valuable and well known EXPRESS family of marks, which include common law trademarks and service marks and well as service marks registered with the United States Patent and Trademark Office ("USPTO") and the Office of the Secretary of the Commonwealth of Massachusetts.

14.     Plaintiff Express is the owner of the following EXPRESS® service marks, each registered in International Class 35 on the Principal Register of the USPTO for a variety of

3

personnel services including temporary and permanent employment services and staffing

services (collectively, the "EXPRESS® Marks"), copies of the registrations of which are attached

hereto and incorporated herein as **Exhibits 1-10**, respectively:

| EXPRESS HEALTH SERVICE® and Design | 1,623,976 issued November 20, 1990 | Health and medical employment agency services |
| EXPRESS® | 1,647,022 issued June 4, 1991 | Temporary help and employment agency services |
| EXPRESS® and Design | 1,700,779 issued July 14, 1992 | Permanent and temporary employment services |
| EXPRESS PERSONNEL SERVICES® and Design | 1,708,586 issued August 18, 1992 | Employment agency services |
| EXPRESS TEMPORARY SERVICE® and Design | 1,718,629 issued September 11, 1992 | Temporary help and employment agency services |
| EXPRESS STAFFING SERVICES® and Design | 1,946,030 issued January 2, 1996 | Employment staffing services |
| EXPRESS HUMAN RESOURCES® and Design | 2,124,198 issued December 23, 1997 | Employee leasing and personnel recruiting |
| EXPRESS MANAGEMENT SERVICES® and Design | 2,225,130 issued February 23, 1999 | Administrative personnel and recruitment as well as permanent and temporary employment agency services |
| EXPRESS PROFESSIONAL STAFFING® | 2,530,726 issued January 15, 2002 | Temporary and permanent employee placement services |
| EXPRESS PERSONNEL SERVICES® | 2,771,742 issued October 7, 2003 | Personnel services featuring providing temporary employment services, full-time employment service, professional staffing services, contract staffing services, employment search services and executive search services |

15.    Furthermore, Plaintiff Express is the owner of the following EXPRESS^SM service

marks, each registered with the Office of the Secretary of the Commonwealth of Massachusetts

(also, collectively, the "EXPRESS® Marks"), copies of the registrations of which are attached

hereto and incorporated herein as **Exhibits 11-12**, respectively:

| EXPRESS PERSONNEL SERVICES^SM | 62,300, issued December 10, 2002 | Personnel services which include providing temporary employment services, full-time employment services, professional staffing services, contract staffing services, employment search services and executive search services |

4

| | | |
|---|---|---|
| EXPRESS TEMPORARY SERVICES<sup>SM</sup> | 62,299, issued December 10, 2002 | Personnel services which include providing temporary employment services, full-time employment services, professional staffing services, contract staffing services, employment search services and executive search services |

16.     By virtue of the aforementioned registrations, the EXPRESS® Marks are presumptively valid.  Further, the aforementioned registrations constitute constructive notice to Defendants that Plaintiff Express owns the EXPRESS® Marks, including specifically the EXPRESS® and EXPRESS TEMPORARY SERVICES® marks, in connection with the goods and services identified therein.

17.     The EXPRESS® Marks are inherently distinctive, and several of the federally registered EXPRESS® Marks—including specifically EXPRESS TEMPORARY SERVICE® and Design, Registration No. 1,718,629, and EXPRESS® and Design, Registration No. 1,700,779 (collectively, the "Incontestable Marks")—are incontestable, because Plaintiff Express has used such Incontestable Marks continuously for five consecutive years and has complied with all statutory formalities under 15 U.S.C. § 1065, including the filing of all requisite declarations, and because there is no judicial proceeding pending concerning Plaintiff Express' rights in such Incontestable Marks.

18.     Moreover, Plaintiff Express asserts that it currently operates a nationwide franchise system with more than 400 franchisees operating under the EXPRESS® Marks.

19.     For over twenty (20) years—long prior to the acts of Defendants complained of herein—Plaintiff Express has expended, and continues to expend, a substantial amount of time, money, and effort promoting, marketing, and advertising its EXPRESS® services under and in connection with its valuable and highly recognized EXPRESS® Marks.  Plaintiff Express has expended over $100 million in the last twenty (20) years to promote its company and services,

including, without limitation, on the Internet, in national publications, newspapers, at trade shows and on the radio and television. Moreover, Plaintiff Express has consistently been recognized by the trade as one of the nation's top franchise companies and one of the largest and fastest-growing privately-held companies. For example, in October of 2002, Franchise Times ranked Plaintiff Express as #1 of the top 200 franchise companies, and in 2003 and prior years, Entrepreneur ranked Plaintiff Express as #1 in franchise companies for business services/staffing. Further, on November 27, 2000, Forbes ranked Plaintiff Express as #424 of the 500 top private companies for 1999 revenue, and in December of 1998, Inc. ranked Plaintiff Express as #9 of the 500 fastest growing private companies.

20.     Plaintiff Express has provided such services identified by its EXPRESS® Marks in substantial quantities in this judicial district and throughout the United States, as well as in several foreign countries. Plaintiff Express has realized over $8 billion in gross revenues over the last twenty (20) years in the provision of such services.

21.     Due to the high quality of its services and its substantial advertising, promotional, and sales efforts, Plaintiff Express has achieved wide consumer acceptance for employment agency and other related services and the reputation of the highest quality and prestige.

22.     By virtue of Plaintiff Express' extensive use of the EXPRESS® Marks, the EXPRESS® Marks have become so well known to the trade and purchasing public that employment agency services offered in conjunction with said EXPRESS® Marks are recognized as emanating from, or being associated with, Plaintiff Express.

23.     Plaintiff Express now owns a most valuable goodwill which is symbolized by the EXPRESS® Marks and, as a result, the use of said EXPRESS® Marks substantially increases the salability of said employment agency and other services.

6

## Infringing Activities of Defendant

24.    Plaintiff Express has authorized Plaintiff Franchisee to open a franchised operation in Worcester, Massachusetts, and Plaintiff Franchisee has been providing temporary and permanent employment agency services pursuant to said franchise since February of 2003.

25.    Plaintiff Franchisee is located in immediate proximity to, and competes directly with, Defendant Express Temps' unauthorized business operation, and, unlike Defendant Express Temps, makes lawful use of the EXPRESS® Marks.

26.    Upon information and belief, long after Plaintiff Express' adoption and use of the EXPRESS® Marks in connection with employment agency and other services, and after Plaintiff Express obtained the aforementioned federal service mark registrations, Defendants adopted and used, and are now using, in this judicial district, Plaintiff's EXPRESS® Marks or marks confusingly similar thereto, including specifically EXPRESS and/or EXPRESS TEMPS (the "Infringing Marks") for personnel-related services (the "Infringing Services"), and have caused said Infringing Services and Infringing Marks to enter into interstate commerce and/or be used in interstate commerce.

27.    The Infringing Services include employment and staffing services, specifically temporary and permanent employee placement to manufacturing, assembly and warehouse companies located in Massachusetts and Connecticut, which services are advertised on Defendants' web site located at http://www.extemps.com, a copy of which is attached hereto as **Exhibit 13** and incorporated by reference herein, and, upon information and belief, at trade shows.

28.     Defendants are infringing upon Plaintiffs' proprietary rights in its EXPRESS®
Marks by offering Infringing Services in connection with the terms EXPRESS and/or EXPRESS
TEMPS.

29.     Defendants knew or should have known of the existence of the EXPRESS®
Marks at all relevant times, as a result of direct competition, the constructive notice provided by
the registration of the EXPRESS® Marks, and Plaintiff Express' continuous use of EXPRESS as
a trade name, in various domain names, and in interstate commerce for at least twenty (20) years.

30.     Defendants are not licensed by Plaintiff Express, and at all relevant times were
not authorized by Plaintiff Express, or any authorized agent of Plaintiff Express, to provide,
advertise, sell and/or offer for sale such Infringing Services in connection with the EXPRESS®
Marks or the Infringing Marks.

31.     It is manifest from the activities of Defendants that they adopted the Infringing
Marks, and continue using such marks despite Plaintiff Express' demands that they cease and
desist, with the intent of misleading the public into believing that there is a connection between
Plaintiff Express and its authorized franchisees, on the one hand, and Defendants, on the other,
or that Plaintiffs sponsor or are affiliated with the activities of Defendants.

32.     The activities of Defendants complained of herein were and are continuing to be
done willfully, with knowledge that such conduct was and is in direct contravention of Plaintiff
Express' EXPRESS® Marks and Plaintiffs' other proprietary rights, and were and are likely to
confuse, mislead and deceive purchasers and members of the public, and will continue to be
unless enjoined by this Court.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### IN VIOLATION OF LANHAM ACT § 32(1)
### (15 U.S.C. § 1114(1))

33.    Plaintiffs repeat and reallege all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully written herein.

34.    Plaintiff Express' EXPRESS® Marks are in full force and effect, and have never been abandoned.

35.    The EXPRESS® Marks are inherently distinctive.

36.    The EXPRESS® Marks are widely used by Plaintiff Express and its franchisees throughout the United States, its possessions and various other foreign countries.

37.    Plaintiff Express intends to reserve and maintain its rights with respect to its EXPRESS® Marks and corresponding registrations, and to continue to use its EXPRESS® Marks through the provision of employment agency and other related services in connection therewith.

38.    By virtue of the goodwill and reputation for quality associated with Plaintiff Express' EXPRESS® Marks and extensive sale of various services promoting, advertising and utilizing said EXPRESS® Marks, the EXPRESS® Marks have developed a secondary meaining and significance in the minds of the purchasing public.  The diverse services provided in connection therewith are immediately identified by the purchasing public with Plaintiff Express and its authorized franchisees.

39.    Further, the unauthorized use by Defendants of the EXPRESS® Marks, as alleged herein, reproduces, counterfeits, copies, colorably imitates, and constitutes infringement of the EXPRESS® Marks and is likely to cause confusion and mistake in the minds of the purchasing public as to the source of the services in violation of 15 U.S.C. § 1114(1).

40.     Moreover, Plaintiffs are aware of actual instances in which the purchasing public has confused Defendants' Infringing Services and Infringing Marks with those of Plaintiff Express and its authorized franchisees.  For example, Plaintiffs are aware of the following instances of actual confusion:

a.     A job applicant scheduled an appointment to meet with Plaintiff Franchisee.  The applicant reported to the Franchisee that she mistakenly went to the offices of Defendant Express Temps for her appointment with Plaintiff Franchisee.  The applicant further reported that Defendant Express Temps interviewed her and offered her a job without disclosing that Defendant Express Temps was not the Plaintiff Franchisee. The applicant reported that she rejected the offer once she realized that she was in the wrong office.

b.     An existing client of Plaintiff Franchisee informed Plaintiff Franchisee that Plaintiff Franchisee was the exclusive supplier of employment and staffing services to the client.  Subsequently, Plaintiff Franchisee visited the client's plant and observed temporary workers that Plaintiff Franchisee had not placed.  Plaintiff Franchisee queried the client and was told that the client had phoned Defendant Express Temps with the belief that client was phoning Plaintiff Franchisee.

41.     The activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiff Express' EXPRESS® Marks in total disregard of Plaintiffs' proprietary rights, and were commenced and have continued in spite of Defendants' knowledge that the use of any of the EXPRESS® Marks, or any reproduction, counterfeit, copy or colorable imitation thereof, was and is in direct contravention of Plaintiffs' rights.

42.     Defendants unauthorized use of the Infringing Marks is greatly and irreparably damaging to Plaintiffs in the form of: (i) loss of income; (ii) lessening and dilution of the EXPRESS® Marks; (iii) interference with Plaintiffs' ability to exploit their respective rights; (iv) confusion in the marketplace as to the duly authorized source of the services provided in conjunction with the EXPRESS® Marks; and (v) impairment of the goodwill Plaintiff Express has in its EXPRESS® Marks, and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs in the EXPRESS® Marks and to the respective businesses, reputations and goodwill of Plaintiffs.

43.     Plaintiffs have no adequate remedy at law.

44.     The full extent and exact amount of Plaintiffs' damages are not yet determined.

## COUNT II

### UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE DESCRIPTIONS IN VIOLATION OF LANHAM ACT § 43(a) (15 U.S.C. § 1125(a))

45.     Plaintiffs repeat and reallege all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully written herein.

46.     Plaintiff Express' EXPRESS® Marks are each individually distinctive, and have been used throughout the United States and are well known to the trade and members of the purchasing public.

47.     The public associates and identifies the EXPRESS® Marks with Plaintiff Express and its authorized franchisees.

48.     Defendants' conduct in the advertising, sale, offering for sale and/or other use of the Infringing Services provided in conjunction with the EXPRESS® Marks constitutes false designation of origin or sponsorship of said Infringing Services and tends falsely to represent that

11

said Infringing Services originate from Plaintiffs or that said Infringing Services and Defendants

have been sponsored, approved, or licensed by Plaintiff Express or are in some way affiliated or

connected with Plaintiff Express or its authorized franchisees, including specifically Plaintiff

Franchisee, all in violation of 15 U.S.C. § 1125(a).

49.    Defendants' actions were done willfully with full knowledge of the falsity of such

designations of origin and such descriptions or representations, and with express intent to cause

confusion, and mislead and deceive the purchasing public.

50.    Defendants' unlawful acts constitute commercial use in interstate commerce.

51.    Defendants unauthorized use of the Infringing Marks is greatly and irreparably

damaging to Plaintiffs in the form of: (i) loss of income; (ii) lessening and dilution of the

EXPRESS® Marks; (iii) interference with Plaintiffs' ability to exploit their respective rights; (iv)

confusion in the marketplace as to the duly authorized source of the services provided in

conjunction with the EXPRESS® Marks; and (v) impairment of the goodwill Plaintiff Express

has in its EXPRESS® Marks, and, if not enjoined, will continue to cause irreparable damage to

the rights of Plaintiffs in the EXPRESS® Marks and to the respective businesses, reputations and

goodwill of Plaintiffs.

52.    Plaintiffs have no adequate remedy at law.

53.    The full extent and exact amount of Plaintiffs' damages are not yet determined.

## COUNT III

### FEDERAL TRADEMARK DILUTION
### IN VIOLATION OF LANHAM ACT § 43(c)
### (15 U.S.C. § 1125(c))

54.    Plaintiffs repeat and reallege all of the allegations contained in the preceding

paragraphs of this Complaint as though the same were fully written herein.

55.    The EXPRESS® Marks are individually inherently distinctive and famous, and have been used throughout the United States and this judicial district, and are well known to the trade and members of the purchasing public.

56.    The public associates and identifies the EXPRESS® Marks with Plaintiff Express and its authorized franchisees.

57.    Plaintiff Express' EXPRESS® Marks have been extensively advertised and promoted for more than twenty (20) years throughout the United States, and have received continuous, widespread national publicity.

58.    By virtue of Plaintiff Express' widespread use of the EXPRESS® Marks, they became famous prior to Defendants' use of their EXPRESS and/or EXPRESS TEMPS marks.

59.    The trading areas and channels of commerce and trade for the services pursuant to which the EXPRESS® Marks are used is Plaintiff Express' nationwide and international system of franchisees.

60.    The degree of recognition of the EXPRESS® Marks in the trading areas and channels of commerce and trade used by Plaintiff Express is overwhelmingly universal.

61.    Defendants' purported first use of the Infringing Marks occurred long after Plaintiff Express' EXPRESS® Marks became famous.

62.    Defendants' Infringing Marks dilute the distinctive quality of Plaintiff Express' EXPRESS® Marks.

63.    Upon information and belief, Defendants' willfully intended to trade upon the reputation of Plaintiffs and/or willfully cause dilution of the EXPRESS® Marks.

64.    Defendants unauthorized use of the EXPRESS® Marks is greatly and irreparably damaging to Plaintiffs in the form of:  (i) loss of income; (ii) lessening and dilution of the

13

distinctive quality of the EXPRESS® Marks; (iii) interference with Plaintiffs' ability to exploit

their respective rights; (iv) confusion in the marketplace as to the duly authorized source of the

services provided in conjunction with the EXPRESS® Marks; and (v) impairment of the goodwill

Plaintiff Express has in its EXPRESS® Marks, and, if not enjoined, will continue to cause

irreparable damage to the rights of Plaintiffs in the EXPRESS® Marks and to the respective

businesses, reputations and goodwill of Plaintiffs.

65.    Plaintiffs have no adequate remedy at law.

66.    The full extent and exact amount of Plaintiffs' damages are not yet determined.

## COUNT IV

### UNFAIR OR DECEPTIVE TRADE PRACTICES IN VIOLATION OF MASSACHUSETTS LAW (M.G.L. c. 93A, §§ 2, 11)

67.    Plaintiffs repeat and reallege all of the allegations contained in the preceding

paragraphs of this Complaint as though the same were fully written herein.

68.    At all material times, Plaintiffs and Defendants each were and are engaged in

trade or commerce within the meaning of M.G.L. c. 93A, §§ 2, 11.

69.    Defendants' actions described herein constitute an unfair method of competition

and/or an unfair or deceptive act or practice in the conduct of trade or commerce, all in violation

of M.G.L. c. 93A, §§ 2, 11.

70.    Defendants unlawful acts, although affecting interstate commerce, have originated

or taken place predominantly or substantially in the Commonwealth of Massachusetts.

71.    Such violations of M.G.L. c. 93A, §§ 2, 11 by Defendants were and are knowing

and/or willful.

72.    Such conduct entitles Plaintiffs to all of the relief that may be granted pursuant to M.G.L. c. 93A, § 11 including inter alia, injunctive relief, treble damages and an award of attorneys' fees.

73.    Such conduct on the part of Defendants has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## COUNT V

### TRADEMARK DILUTION
### IN VIOLATION OF MASSACHUSETTS LAW
### (M.G.L. c. 110B, §12)

74.    Plaintiffs repeat and reallege all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully written herein.

75.    Plaintiff Express' EXPRESS® Marks are valid and distinctive under Massachusetts law.

76.    The EXPRESS® Marks have acquired secondary meaning through widespread promotion, advertising and use such that the purchasing public recognizes employment agency and personnel services offered in conjunction with said EXPRESS® Marks as emanating from, or being associated with, Plaintiff Express and its authorized franchisees.

77.    Defendants' actions described herein have caused a likelihood of dilution of the distinctive quality of the EXPRESS® Marks, and a likelihood of injury to Plaintiffs' business reputation, in violation of M.G.L. c. 110B, § 12, and analogous provisions of the laws of other states.

## COUNT VI

### TRADEMARK AND TRADE NAME
### INFRINGEMENT AND UNFAIR COMPETITION
### IN VIOLATION OF MASSACHUSETTS COMMON LAW

78.     Plaintiffs repeat and reallege all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully written herein.

79.     Plaintiff Express is the owner of all right, title and interest, including all common law rights, in and to the EXPRESS® Marks used by Plaintiffs by virtue of its extensive advertising, promotion and sale of employment agency and other related services under such Marks as set forth in the preceding paragraphs of this Complaint.

80.     The Infringing Services are provided, advertised, sold or offered for sale in conjunction with matter constituting a replica and/or imitation of Plaintiff Express' EXPRESS® Marks.

81.     Plaintiffs and Defendants are each engaged in trade and commerce in the Commonwealth of Massachusetts.

82.     Defendants unlawful acts, although affecting interstate commerce, have originated or taken place substantially in the Commonwealth of Massachusetts.

83.     The provision and/or sale by Defendants of the Infringing Services under the Infringing Marks illegally reproduces, counterfeits, copies, and colorably imitates Plaintiff Express' EXPRESS® Marks, and constitutes unfair competition, and is likely to cause confusion and mistake in the minds of the trade and purchasing public as to the source of the services and to cause purchasers to believe such Infringing Services are authentic services of Plaintiffs when, in fact, they are not.

16

84.    By such actions in infringing the EXPRESS® Marks, Defendants are misappropriating and improperly trading upon the enviable reputation and goodwill of Plaintiffs and are impairing the distinctiveness of Plaintiffs' valuable rights in and to such EXPRESS® Marks. Defendants' actions are intended to and do pass off Defendants' services as those of Plaintiffs.

85.    As set forth above, the activities of Defendants complained of herein constitute willful and intentional acts of service mark and trade name infringement, passing off, misappropriation and unfair competition under Massachusetts law.

86.    Defendants unauthorized use of the EXPRESS® Marks is greatly and irreparably damaging to Plaintiffs in the form of: (i) loss of income; (ii) lessening and dilution of the EXPRESS® Marks; (iii) interference with Plaintiffs' ability to exploit their respective rights; (iv) confusion in the marketplace as to the duly authorized source of the services provided in conjunction with the EXPRESS® Marks; and (v) impairment of the goodwill Plaintiff Express has in its EXPRESS® Marks, and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs in the EXPRESS® Marks and to the respective businesses, reputations and goodwill of Plaintiffs.

87.    Plaintiffs have no adequate remedy at law.

88.    The full extent and exact amount of Plaintiffs' damages are not yet determined.

## COUNT VII

### INTENTIONAL TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE CONTRACTUAL RELATIONS

89.    Plaintiffs repeat and reallege all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully written herein.

90.    As set forth above, Defendants' actions impair and interfere with Plaintiff Express' existing and prospective franchise agreements with its duly authorized franchisees, including specifically its agreement with Plaintiff Franchisee.

91.    As set forth above, the activities of Defendants complained of herein constitute willful and intentional acts.

92.    Defendants intentional tortious interference with Plaintiffs' existing and prospective contractual relations is greatly and irreparably damaging to Plaintiffs in the form of: (i) loss of income; (ii) lessening and dilution of the EXPRESS® Marks; (iii) interference with Plaintiffs' ability to exploit their respective rights, including Plaintiff Franchisee's merchandising rights; (iv) confusion in the marketplace as to the duly authorized source of the services provided in conjunction with the EXPRESS® Marks; (v) impairment of the goodwill Plaintiff Express has in its EXPRESS® Marks; and (vi) impairment of and interference with Plaintiff Express' existing and prospective franchise agreements with its duly authorized franchisees, and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs in the EXPRESS® Marks and to the respective businesses, reputations and goodwill of Plaintiffs.

93.    Plaintiffs have no adequate remedy at law.

94.    The full extent and exact amount of Plaintiffs' damages are not yet determined.

## JURY DEMAND

95.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs respectfully demand a trial by jury on all counts so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

1.      Defendants, their agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms or corporations in active concert or participation with Defendants, or any of them, be enjoined and restrained during the pendency of this action and permanently from:

(a)      directly or indirectly infringing the above described EXPRESS® Marks of Plaintiff Express in any manner, including generally, but not limited to, advertising, selling, and/or offering for sale any services which infringe said EXPRESS® Marks, and specifically;

(1)      using said EXPRESS® Marks or any of them or any marks similar thereto, including without limitation EXPRESS and/or EXPRESS TEMPS, or any reproduction, counterfeit, copy, or colorable imitation of said EXPRESS® Marks in connection with the advertising, sale, offering for sale, and/or other use of any temporary or permanent employment agency or personnel services;

(2)      applying said EXPRESS® Marks or any such reproduction, counterfeit, copy or colorable imitation to any label, sign, print, package, wrapper, receptacle, or advertisement used in connection with the provision, sale, and/or offering for sale, of any temporary or permanent employment agency or personnel services; or,

(b)      using any marks, including without limitation EXPRESS and/or EXPRESS TEMPS, that tend falsely to represent that, or are likely to confuse, mislead, or deceive purchasers, Defendants' customers, or members of the public that unauthorized services promoted, provided,

19

advertised, sold and/or offered for sale by Defendants originate from

Plaintiffs, or that said services have been sponsored, approved, or licensed

by or associated with Plaintiffs or are in some way connected or affiliated

with Plaintiffs;

(c)    engaging in any conduct that tends falsely to represent that, or is likely to

confuse, mislead, or deceive purchasers, Defendants' customers, or

members of the public to believe that the actions of Defendants or

Defendants themselves are connected with Plaintiffs, are sponsored,

approved, or licensed by Plaintiffs, or are in some way connected or

affiliated with Plaintiffs;

(d)    affixing, applying, annexing or using in connection with the promotion,

provision, advertising, sale, and/or offering for sale or other use of any

temporary or permanent employment agency or personnel services, a false

description or representation, including words or other symbols, tending to

falsely describe or represent such services as being those of Plaintiffs;

(e)    otherwise competing unfairly with Plaintiffs in any manner;

(f)    diluting and infringing the aforementioned EXPRESS® Marks and

damaging Plaintiffs' goodwill, reputation and business;

(g)    destroying or otherwise disposing of:

(1)    signage bearing Plaintiff Express' EXPRESS® Marks or

EXPRESS or EXPRESS TEMPS;

20

(2)    any other products which reproduce, copy, counterfeit, imitate or bear any of Plaintiff Express' EXPRESS® Marks, or EXPRESS or EXPRESS TEMPS;

(3)    any promotional or advertising material, labels, packages, wrappers, containers, or any other items which reproduce, copy, counterfeit, imitate or bear any of Plaintiff Express' EXPRESS® Marks, EXPRESS or EXPRESS TEMPS; and

(4)    any sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, recordings of any type whatsoever and all other business records or documents which concern the provision, advertising, sale or offering for sale of such employment agency services.

2.    Defendants be required to account for and pay to Plaintiff Express all profits and damages resulting from Defendants' infringing and unfair activities, with such profits and damages in any event to exceed the sum or amount of $100,000 exclusive of interest and costs, and that the award to Plaintiff Express be increased as provided for under applicable law;

3.    Plaintiffs recover from Defendants their costs of this action and reasonable attorneys' fees;

4.    Defendants be required to pay to Plaintiff Express punitive damages in such amount sufficient to deter Defendants from future dealing in services bearing any reproduction, counterfeit, copy or colorable imitation of Plaintiff Express' EXPRESS® Marks;

5.      Defendants be required to post on their web site(s), and prepare and send to each of their active clients and each past client for whom they have rendered services within the past two (2) years, a notice indicating that Defendants are not affiliated with or sponsored by Plaintiffs, and that Plaintiff Express and its authorized franchisees, and not Defendants, have the exclusive right to the use of the EXPRESS® Marks, EXPRESS and/or EXPRESS TEMPS;

6.      Defendants be required to cancel, withdraw, delete or amend any trade name, fictitious name registration or application, state or federal trademark registration or application, and/or any incorporation papers including the term EXPRESS so as to exclude, delete or cancel the term EXPRESS therefrom;

7.      Subject to the web site notice required above, Defendants be required to immediately delete from their web site(s) any and every use of EXPRESS® Marks or any of them or any marks similar thereto, including without limitation EXPRESS and/or EXPRESS TEMPS.

8.      Defendants be required to file a compliance report with the Court and Plaintiffs' counsel detailing the precise manner in which Defendants have complied with the terms of any judgment entered herein, within ten (10) days of the entry of such judgment; and

9.    Plaintiff have all other and further relief as the Court may deem just and proper

under the circumstances.

Dated:  January 9, 2004                     Respectfully submitted,


                                            **FLETCHER, TILTON & WHIPPLE, P.C.**

                                            By:  _William D. Jalkut/ale_
                                                 William D. Jalkut, BBO#230020
                                                 370 Main Street
                                                 Worcester, Massachusetts 01608
                                                 Tel: (508) 798-8621
                                                 Fax: (508) 791-1201

                                            **Attorneys for Plaintiffs Express Franchise
                                            Services, L.P., and WRS Personnel Finders of
                                            Massachusetts, Inc., d/b/a Express Personnel
                                            Services**

                                                                           649790

23

JS 44 (Rev. 3/99)

**04 - 40005**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

EXPRESS FRANCHISE SERVICES, L.P., a Texas limited partnership, and WRS PERSONNEL FINDERS OF MASSACHUSETTS, INC., d/b/a EXPRESS PERSONNEL SERVICES, a Massachusetts corporation

## DEFENDANTS

EXPRESS TEMPS, INCPK'S Massachusetts corporation, and WILLIAM J. COMEAU, an individual and citizen of Massachusetts

FILED
IN CLERKS OFFICE

2004 JAN -9 P 4:02

U.S. DISTRICT COURT
DISTRICT OF MASS.

(b) County of Residence of First Listed Plaintiff  Oklahoma
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Worcester
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
William D. Jalkut, Esq.
Fletcher, Tilton & Whipple, P.C.
370 Main St.
Worcester, MA 01608 (508) 798-8621

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury – Med. Malpractice | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury – Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 330 Federal Employers' Liability | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 340 Marine | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 530 General | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | **PERSONAL PROPERTY** | ☐ 550 Civil Rights | | |
| ☐ 370 Other Fraud | | ☐ 555 Prison Condition | | |
| ☐ 371 Truth in Lending | | | | |
| ☐ 380 Other Personal Property Damage | ☐ 790 Other Labor Litigation | | | |
| ☐ 385 Property Damage Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Trademark Act of 1946 as amended, 15 U.S.C. Sec. 1501, et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE
1-9-04

SIGNATURE OF ATTORNEY OF RECORD
*William D. Jalkut*

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE



04 - 40005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Express Franchise Services, L.P.,et al
_____ v. Express Temps 2004 JAN -9 P 4: 02

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

U.S. DISTRICT COURT
DISTRICT OF MASS.

___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

_X_ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.              for patent, trademark or copyright  cases

___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
380, 385, 450, 891.

___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
690, 810, 861-865, 870, 871, 875, 900.

___ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   N/A
_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
COURT?

                                                      YES         ( NO )

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                      YES         ( NO )

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                      YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
28 USC §2284?

                                                      YES         ( NO )

7. DO ALL OF THE PARTIES  IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                     ( YES )        NO

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION        ( CENTRAL DIVISION )        WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
        GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  William D. Jalkut
ADDRESS Fletcher, Tilton & Whipple, P.C., 370 Main St., Worcester, MA 01608
TELEPHONE NO. (508) 798-8621

(Cover sheet local.wpd - 11/27/00)