**04-40005**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

FILED
IN CLERKS OFFICE

2004 JAN -9  P 4: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| EXPRESS FRANCHISE SERVICES, L.P., a Texas limited partnership, and WRS PERSONNEL FINDERS OF MASSACHUSETTS, INC., D/B/A EXPRESS PERSONNEL SERVICES, a Massachusetts corporation,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>EXPRESS TEMPS, INC., a Massachusetts corporation, and WILLIAM J. COMEAU, an individual and citizen of Massachusetts,<br><br>　　　　　Defendants. | Civil Action No. |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Express Franchise Services, L.P. ("Express") and WRS Personnel Finders of Massachusetts, Inc., d/b/a Express Personnel Services ("Franchisee") (collectively, "Plaintiffs"), by their undersigned attorneys, and pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, move the Court to issue a preliminary injunction against defendants Express Temps, Inc. ("Express Temps") and William Comeau (collectively, "Defendants"), (a) enjoining each of them from (1) using the service mark or trademark EXPRESS TEMPS, or any variation employing the word EXPRESS, alone or in combination with any other words or letters, in connection with providing temporary or permanent employment agency services or staffing services and from committing acts of unfair competition with Plaintiffs; (2) engaging in any false or misleading advertising, or using any false designation of origin or false description, that can, or is likely to, lead the trade or public to believe that any service offered by, or product

manufactured, distributed, or sold by Defendants, or any of them, is an any manner associated or connected with, or sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiffs, or any of them; and (3) assisting, aiding, or abetting any other person or business entity from engaging or performing any of the activities referred to in subparagraphs (1) and (2) above; and (b) granting Plaintiffs such other and further relief as this Court may deem just and equitable.

In support of this motion, Plaintiffs rely on, and incorporate by reference, their Verified Complaint and Memorandum of Law in Support of Motion for Preliminary Injunction, filed herewith, and respectfully state as follows:

1. For over twenty (20) years, Plaintiff Express has been engaged in the business of, among other things, providing temporary and permanent employment agency services and staffing services under its valuable and well known EXPRESS family of marks, which include common law trademarks and service marks and well as service marks registered with the United States Patent and Trademark Office and the Office of the Secretary of the Commonwealth of Massachusetts (collectively, the "EXPRESS® Marks ").

2. Upon information and belief, long after Plaintiff Express' adoption and use of the EXPRESS® Marks in connection with employment agency and other services, and after Plaintiff Express obtained its federal service mark registrations, Defendants adopted and used, and are now using, in this judicial district, the EXPRESS® Marks or marks confusingly similar thereto, including specifically EXPRESS and/or EXPRESS TEMPS (the "Infringing Marks") for personnel-related services (the "Infringing Services"), and have caused said Infringing Services and Infringing Marks to enter into interstate commerce and/or be used in interstate commerce.

3. Plaintiff Express has authorized Plaintiff Franchisee to open a franchised operation in Worcester, Massachusetts, utilizing the EXPRESS® Marks, and Plaintiff Franchisee has been providing temporary and permanent employment agency services pursuant to said franchise—in immediate proximity to, and direct competition with, Defendant Express Temps—since February of 2003.

4. This is a proper case for issuance of a preliminary injunction order, in that there is a reasonable likelihood that Plaintiffs will prevail on the merits; the status quo has been altered; Plaintiffs have already suffered irreparable injury, loss and damage as a result of Defendants' conduct and, without such an order, Plaintiffs will continue to suffer immediate and irreparable loss or damage; the balance of harms favors Plaintiffs; and, absent such an order, the interests of justice will be impaired.

5. If the requested preliminary injunction order is entered, the injury, if any, to Defendants herein, if final judgment be in Defendants' favor, will be adequately indemnified by the bond.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Plaintiffs request an evidentiary hearing and oral argument on this motion.

Dated: January 9, 2004

Respectfully submitted,

FLETCHER, TILTON & WHIPPLE, P.C.

By: _____
William D. Jalkut, BBO#250020
370 Main Street
Worcester, Massachusetts 01608
Tel: (508) 798-8621
Fax: (508) 791-1201

                    **Attorneys for Plaintiffs Express Franchise Services, L.P., and WRS Personnel Finders of Massachusetts, Inc., d/b/a Express Personnel Services**

658255

4