UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| EXPRESS FRANCHISE SERVICES, L.P., a Texas limited partnership, and WRS PERSONNEL FINDERS OF MASSACHUSETTS, INC., D/B/A EXPRESS PERSONNEL SERVICES, a Massachusetts corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>EXPRESS TEMPS, INC., a Massachusetts corporation, and WILLIAM J. COMEAU, an individual and citizen of Massachusetts,<br><br>Defendants. | Civil Action No.: 04-40005 |

## AGREEMENT FOR JUDGMENT

The Plaintiffs, Express Franchise Services, L.P. and WRS Personnel Finders of Massachusetts, Inc. d/b/a Express Personnel Services (hereinafter collectively referred to as "Plaintiffs") and the Defendants, Express Temps, Inc. and William J. Comeau (hereinafter collectively referred to as "Defendants") hereby agree that Judgment shall and hereby does enter in favor of Plaintiffs and against Defendants as follows:

A)   As between the Plaintiffs and the Defendants, the Plaintiff Express Franchise Services, L.P. owns and its duly authorized franchisee, the Plaintiff WRS Personnel Finders of Massachusetts, Inc. d/b/a Express Personnel Services, is licensed to use valid and subsisting service marks pursuant to federal and state registration and common law as follows:

693801.03

| **Federal Registrations** | | Exhibit |
|---|---|---|
| EXPRESS HEALTH SERVICE® and Design | 1,623,976 issued November 20, 1990 | 1 |
| EXPRESS® | 1,647,022 issued June 4, 1991 | 2 |
| EXPRESS® and Design | 1,700,799 issued July 14, 1992 | 3 |
| EXPRESS PERSONNEL SERVICES® and Design | 1,708,586 issued August 18, 1992 | 4 |
| EXPRESS TEMPORARY SERVICE® and Design | 1,718,629 issued September 11, 1992 | 5 |
| EXPRESS STAFFING SERVICES® and Design | 1,946,030 issued January 2, 1996 | 6 |
| EXPRESS HUMAN RESOURCES® and Design | 2,124,198 issued December 23, 1997 | 7 |
| EXPRESS MANAGEMENT SERVICES® and Design | 2,225,130 issued February 23, 1999 | 8 |
| EXPRESS PROFESSIONAL STAFFING® | 2,530,726 issued January 15, 2002 | 9 |
| EXPRESS PERSONNEL SERVICES® | 2,771,742 issued October 7, 2003 | 10 |

| **State Registrations** | | |
|---|---|---|
| EXPRESS PERSONNEL SERVICES sm | 62,300 issued December 10, 2002 | 11 |
| EXPRESS TEMPORARY SERVICES sm | 62,299 issued December 10, 2002 | 12 |

The marks collectively are hereinafter referred to as the "Express Family of Marks".

B)  The Defendants Express Temps, Inc. and William J. Comeau and their respective officers, agents, servants, employees, attorneys, and all other persons or entities acting in concert or participation with them, or any of them, are hereby permanently restrained and enjoined from

693801.03                                    2

using, directly or indirectly, any of the Express Family of Marks, and variations thereof, including without limitation:

1. the word Express, alone or in combination with any other service marks, trademarks, internet domain names, internet web sites, words, logos, signs or samples, irrespective of presentation, style or design, or

2. any other service mark, trademark, logo, sign or sample confusingly or deceptively similar to Plaintiffs' Express Family of Marks and any other service marks of Plaintiffs.

in any context or for any purpose, including without limitation the use of such marks in the publication, advertising, offering for sale, sale and/or other use of services not provided by Plaintiffs. Notwithstanding the foregoing, Defendants may use the word "express" in the context of ordinary English language usage (i.e. word choice in the text of a letter).

C) The Defendants Express Temps, Inc. and William J. Comeau and their respective officers, agents, servants, employees, attorneys and all other persons or entities acting in concert or participation with them, or any of them, are hereby ordered and enjoined forthwith as follows:

1. Change and Amend Corporate Name

Defendants have filed those documents with the Secretary of State of the Commonwealth of Massachusetts necessary to effect a change in the corporate name Express Temps, Inc. to some other name which does not include the term Express or otherwise include any of the Express Family of Marks.

2. Destruction of Business Materials

Defendants have destroyed their current stock of letterhead, stationary and invoices used in the ordinary course of business. In any case, Defendants shall have until July 1, 2004 to insure same.

3. Destruction of Advertising Material

Defendants have destroyed all advertising materials bearing any reference to Express Temps, Inc. or the Express Family of Marks, including without limitation brochures, pamphlets and business cards.

4. Directory Notification

Upon entry of this Judgment, Defendants shall notify all trade associations of which they are members or with which they have advertised together with all telephone directories with which they are listed or have advertised that they are no longer doing business under the name "Express Temps, Inc." and further advise such organizations that they have permanently ceased doing business under the name "Express Temps, Inc." and they will not renew any listings or advertisements under said name.

5. <u>Client Notification</u>

Defendants: (a) have notified each active client and each past client for whom they have rendered services at any time since March 1, 2002 advising them of the change of the business name from Express Temps, Inc. to a name which does not include any of the Express Family of Marks; (b) shall provide the Plaintiffs with documents sufficient to demonstrate that Defendants have taken the aforementioned action.

6. <u>Website</u>

(a) The Defendants shall be permitted to continue to use the URL designation www.extemps.com

(b) Defendants have removed all reference to the designations "Express Temps" and "express" from their website. The Defendants shall not use the expression "express" or any phonetic version of the expression in any form whatsoever on their website. Notwithstanding the foregoing, Defendants may use the word "express" in the context of ordinary English language usage (i.e. word choice in the text of a letter).

7. The Defendants waive service of the injunction upon them and agree that execution of this Agreement for Judgment shall constitute sufficient and actual notice to them of the terms of injunctive relief for all purposes.

8. All parties shall bear their own legal fees and costs with respect to this action and all parties further agree that all rights of appeal are waived. Notwithstanding this wavier, all parties retain rights of appeal and the right to seek recovery of legal fees and costs in the event of subsequent litigation arising out of the enforcement or violation of this Agreement for Judgment.

9. In the event of a violation of this Agreement for Judgment and in addition to all other remedies available to them the Plaintiffs shall be entitled, after written notice to Defendants and their counsel of any violations and Defendants' failure to correct same within twenty-one (21) days after the mailing date of said notice, to recover the greater of their actual damages proximately caused by the violation, or liquidated damages in the amount of $3,500 per act or transaction constituting a violation, together with their reasonable legal fees and costs.

DEFENDANT EXPRESS TEMPS, INC.

7-1-04
Date

By: _____
Title: President

DEFENDANT WILLIAM J. COMEAU

7-1-04
Date

_____

|  |  |
|---|---|
|  | PLAINTIFF EXPRESS FRANCHISE SERVICES, L.P. |
| 7-21-04<br>Date | By: _____<br>Title: CFO & Executive VP of Operation |
|  | PLAINTIFF WRS PERSONNEL FINDERS OF MASSACHUSETTS, INC. |
| 7/9/04<br>Date | By: _____<br>Title: _____ |

| ATTORNEY FOR PLAINTIFFS | ATTORNEY FOR DEFENDANTS |
|---|---|
| William D. Jalkut, Esquire (BBO#250020)<br>Fletcher, Tilton & Whipple, P.C.<br>370 Main Street<br>Worcester, MA 01608<br>Tel: (508) 798-8621<br>Fax: (508) 791-1201 | Douglas B. Otto, Esquire (BBO#555269)<br>Morrison, Mahoney & Miller, LLP<br>250 Summer Street<br>Boston, MA 02210<br>Tel: (617) 737-8873 |

Dated: March 11, 2004

Approved By: _____
      United States District Court Judge      Date